IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES and STEPHANIE NIEVES., individually | CIVIL ACTION NO. 21-2880 |
| Plaintiff, | |
| v. | |
| KOHL'S DEPARTMENT STORE, KOHL'S CORPORATION, JOHN DOE 1-10 (fictitious names) and ABC COMPANY 1-10 (fictitious names), jointly severally and Individually | **NOTICE OF REMOVAL** |
| Defendants. | |

Kohl's, Inc. f/k/a Kohl's Department Stores, Inc. (improperly named Kohl's Department Store and Kohl's Corporation) (hereinafter referred to as "Kohl's"), by and through its counsel, Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action, currently pending in the Superior Court of New Jersey, Middlesex County, Law Division, No. MID-L-365-21 (the "State Court Action"), to the United States District Court for the District of New Jersey.  As grounds for removal, Kohl's states as follows:

1.	Plaintiff, Ariana Smith, by and through her Guardian Ad Litem Stephanie Nieves, filed a Complaint in the Superior Court of New Jersey, Middlesex County on January 19, 2021. A true and correct copy of plaintiffs' complaint is attached hereto and marked as Exhibit "A".

2.	Upon information and belief, on January 20, 2021, plaintiff, through counsel, served a copy of the complaint in this action on the Kohl Department Store located at 4971 Stelton Road in South Plainfield, New Jersey.

3. Upon information and belief, on January 21, 2021, plaintiff, through counsel, served a copy of the complaint in this action on Kohl's Corporation.

4. Plaintiff has brought this action against Kohl's as a result of an incident which allegedly occurred on or about August 30, 2016 at the Kohl Department Store located at 4971 Stelton Road in South Plainfield, New Jersey. See Exhibit "A".

5. Plaintiff has alleged that the defendants were negligent. See Exhibit "A".

6. Upon information and belief, plaintiff and her Guardian Ad Litem are citizens of the State of New Jersey and reside at 65 Royal Avenue, Apt. #224 in Piscataway, New Jersey. See Exhibit "A".

7. Kohl's, Inc. f/k/a Kohl's Department Stores, Inc. is a corporation incorporated in the state of Delaware.

8. Kohl's principal place of business is located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

9. Kohl's Corporation is a corporation incorporated in the state of Wisconsin.

10. Kohl's principal place of business is located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

11. Complete diversity of citizenship exists in this case because, for purposes of diversity, plaintiff is a citizen of New Jersey and Kohl's is a citizen of Delaware and Wisconsin. See 28 U.S.C. § 1332(c)(1).

12. The amount of plaintiff's damages cannot be ascertained from the face of plaintiff's complaint. See Exhibit "A".

13. The undersigned spoke with plaintiff's counsel on February 16, 2021 to ascertain if plaintiff was willing to stipulate to damages of less than $75,000.00. Plaintiff's counsel was unable to stipulate to plaintiff's damages being less than $75,000.00.

14. Therefore, upon information and belief, plaintiff's claim for her alleged damages is in excess of the minimal amount in controversy of $75,000.00 because plaintiff is alleging a laceration and possible scarring injuries to her left arm and plaintiff's counsel is unable to stipulate to plaintiff's alleged damages being less than $75,000.00.

15. Kohl's Department Stores, Inc. is not a citizen of New Jersey, the state in which this action was filed.

16. This Court has original subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §1332(a), which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between – citizens of different States […]."

17. Pursuant to 28 U.S.C. § 1441, the claims asserted by plaintiff may be properly removed from the Superior Court of New Jersey to this Court because complete diversity exists, the amount in controversy exceeds $75,000.00 and Kohl's is not a citizen of the state in which the action was filed.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of Kohl's ascertaining that plaintiff could not stipulate to damages of less than $75,000.00.

19. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal includes a copy of all pleadings served on defendant, which are attached hereto as Exhibit "A."

20. Pursuant to 28 U.S.C. §§ 110, 1441(a), venue is proper in the Trenton Vicinage of the District Court of New Jersey because this is "the district court of the United States for the district and division embracing the place where such action is pending."  The Superior Court of New Jersey of Middlesex County is located within the Trenton Vicinage of the District Court of New Jersey.

21. Pursuant to 28 U.S.C. § 1446(d),written notice of the filing of this Notice of Removal will be given to plaintiff and a copy of this Notice of Removal will be filed with the clerk of the Superior Court of New Jersey, Middlesex County.

22.  Kohl's retains and preserves all rights to present their defenses and objections to the complaint.

WHEREFORE, pursuant to 28 U.S.C. § 1441, *et. seq.*, Kohl's hereby removes the action now pending against them in the Superior Court of New Jersey, Middlesex County, to this Court.

                                                           **ZARWIN, BAUM, DeVITO, KAPLAN SCHAER & TODDY, P.C.**

By: _____
      TIMOTHY P. MULLIN, ESQUIRE
      East Gate Center
      309 Fellowship Road, Suite 200
      Mt. Laurel, NJ, 08054
      (856) 810-3454
      Fax  (856) 810-3494
      Attorney for Kohl's, Inc. f/k/a Kohl's Department Stores, Inc. (improperly named Kohl's Department Store and Kohl's Corporation)
      tpmullin@zarwin.com

Dated: February 18, 2021

**EXHIBIT "A"**

Case 2:21-cv-02880-KSH-CLW   Document 1   Filed 02/18/21   Page 6 of 19 PageID: 6

Received:                                    Jan 19 2021 01:24pm
From: Mandelbaum Elizabeth Fax: 19083452516   To: 19086680885@rcfax.com   Fax: (908) 688-0885   Page: 5 of 18   01/19/2021 12:05 PM

**MANDELBAUM SALSBURG, P.C.**
Joseph J. Peters, Esquire
I.D.# 008921976
510 Thornall Street, Suite 180
Edison, New Jersey 08837
(732) 628-0900  Fax (732) 628-0920
Attorney for Plaintiff(s)

| | |
|---|---|
| Plaintiff(s), | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| **ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES and STEPHANIE NIEVES, individually** | |
| | MIDDLESEX COUNTY |
| vs. | DOCKET NO: MID-L-365-21 |
| Defendant(s), | |
| **KOHL'S DEPARTMENT STORE, KOHL'S CORPORATION, JOHN DOE 1-10 (fictitious names) and ABC COMPANY 1-10 (fictitious names)** | SUMMONS |

From The State of New Jersey, To The Defendant(s) KOHL'S CORPORATION

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ *Michelle M. Smith*

MICHELLE M. SMITH
Clerk of the Superior Court

Dated: January 19, 2021

Name of Defendant to be Served: Kohl's Corporation

Address of Defendant to be Served: N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051-5660

Received:                                              Jan 19 2021 01:25pm
From: Mandelbaum Elizabeth Fax: 19083452516     To: 19086880885@rcfax.com   Fax: (908) 688-0885         Page: 6 of 18       01/19/2021 12:05 PM

ATLANTIC COUNTY
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

CUMBERLAND COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

MERCER COUNTY
Deputy Clerk of the Superior Court
209 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

SALEM COUNTY
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 07079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

BERGEN COUNTY
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

ESSEX COUNTY
Deputy Clerk of the Superior Court
237 Hall of Records
465 Martin Luther King Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

MIDDLESEX COUNTY
Deputy Clerk of the Superior Court
Administration Building, 3rd Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

SOMERSET COUNTY
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

BURLINGTON COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYERS REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

GLOUCESTER COUNTY
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
1 North Broad St., P.O. Box 129
Woodbury, NJ 08096
LAWYERS REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

MONMOUTH COUNTY
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Freehold, NJ 07728-1262
LAWYERS REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

SUSSEX COUNTY
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYERS REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

CAMDEN COUNTY
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl. Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYERS REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

HUDSON COUNTY
Deputy Clerk of the Superior Court
Civil Records Department
Brennan Court House-1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYERS REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

MORRIS COUNTY
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYERS REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

UNION COUNTY
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYERS REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

CAPE MAY COUNTY
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street, Box DN-209
Cape May, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

HUNTERDON COUNTY
Deputy Clerk of the Superior Court
Civil Division, Hall of Records
71 Main Street
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

OCEAN COUNTY
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

WARREN COUNTY
Deputy Clerk of the Superior Court
Civil Division Office, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 267-5882
LEGAL SERVICES
(908) 475-2010

PASSAIC COUNTY
Deputy Clerk of the Superior Court, Civil Division, Court House, 77 Hamilton Street, Paterson, NJ 07505
LAWYER REFERRAL (973) 278-9223   - LEGAL SERVICES  (973) 345-7171

Case 2:21-cv-02880-KSH-CLW   Document 1   Filed 02/18/21   Page 8 of 19 PageID: 8

Received:                                      Jan 19 2021 01:26pm
From: Mandelbaum Elizabeth Fax: 19083452516   To: 19086880885@rcfax.com   Fax: (908) 688-0885   Page: 7 of 18   01/19/2021 12:05 PM

**MANDELBAUM SALSBURG**
Joseph J. Peters
I.D. # 008921976
510 Thornall Street, Suite 180
Edison, New Jersey 08837
(732) 628-0900 fax (732) 628-0920
Attorney for Plaintiffs

| | |
|---|---|
| Plaintiff (s),<br>ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES and STEPHANIE NIEVES, individually<br><br>vs.<br><br>Defendant (s),<br>KOHL'S DEPARTMENT STORE, KOHL'S CORPORATION, JOHN DOE 1-10 (fictitious names) and ABC COMPANY 1-10 (fictitious names), jointly severally and individually | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO: MID-L-365-21<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

## FIRST COUNT

Plaintiffs, ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES and STEPHANIE NIEVES, individually, residing at 65 Royal Avenue, Apt.# 224, in the Township of Piscataway, County of Middlesex, and State of New Jersey, complains of the above named defendants and says:

1. On or about August 30, 2016, plaintiff, ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES, was lawfully upon the premises commonly known as 4971 Stelton Road, South Plainfield, New Jersey 07080.

2. At all times relevant herein, defendants, KOHL'S DEPARTMENT STORE, KOHL'S CORPORATION, JOHN DOE 1-10 (fictitious names) and ABC COMPANY 1-10 (fictitious names), jointly severally and individually, or by their agents,

4811-8345-7750, v. 1

Case 2:21-cv-02880-KSH-CLW   Document 1   Filed 02/18/21   Page 9 of 19 PageID: 9

Received:                              Jan 19 2021 01:27pm
From: Mandelbaum Elizabeth Fax: 19083452515    To: 19086880885@rcfax.com   Fax: (908) 688-0885    Page: 8 of 18    01/19/2021 12:05 PM

servants and/or employees, owned, leased, rented, occupied, operated, controlled, supervised, managed, maintained and/or repaired the premises commonly known as 4971 Stelton Road, South Plainfield, New Jersey 07080, , together with its surrounding grounds, restrooms, sidewalks, crosswalks, passageways and appurtenances thereto.

3. At all times hereinafter mentioned and prior thereto, the defendants, KOHL'S DEPARTMENT STORE, KOHL'S CORPORATION, JOHN DOE 1-10 (fictitious names) and ABC COMPANY 1-10 (fictitious names), jointly severally and individually, or by their agents, servants and/or employees, were responsible for the maintenance, repair, supervision and inspections of the aforesaid premises.

4. At all times hereinafter mentioned, the defendants were careless, reckless and negligent in the ownership, maintenance, repair, supervision, and inspections on the aforesaid premises, and by reason of the foregoing any and all, proximately caused the plaintiff, ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES, to slip and fall causing her to sustain severe traumatic injuries.

5. By reason of the aforesaid, the plaintiff, ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES, was severely and permanently injured, suffered, still suffers and will continue to suffer from great physical pain and mental anguish, was confined, is and will continue to be confined, was obligated, is and will in the future be obligated to expend large sums of money for medical and other needed care for the relief of the aforesaid injuries, was prevented, still is and in the future will continue to be prevented from pursuing her usual course of conduct and was otherwise injured and restricted in her bodily movements.

Case 2:21-cv-02880-KSH-CLW   Document 1   Filed 02/18/21   Page 10 of 19 PageID: 10

Received: Jan 19 2021 01:28pm
From: Mandelbaum Elizabeth Fax: 19083452516    To: 19086880885@rcfax.com    Fax: (908) 688-0885    Page: 9 of 18    01/19/2021 12:05 PM

WHEREFORE, plaintiff, ARIANA SMITH, infant by her Guardian Ad Litem, STEPHANIE NIEVES, demands judgment against the defendants, KOHL'S DEPARTMENT STORE, KOHL'S CORPORATION, JOHN DOE 1-10 (fictitious names) and ABC COMPANY 1-10 (fictitious names), jointly severally and individually, or in the alternative in the amount of his damages together with interest and costs of suit.

### SECOND COUNT

Plaintiff, STEPHANIE NIEVES, Guardian Ad Litem, repeats each and every aforementioned allegations set forth in the First Count and makes the same part hereof as though set forth at length and in full herein and further states that at all times hereinafter mentioned, was and still is the Guardian Ad Litem of the minor plaintiff, ARIANA SMITH, and has no interest contrary to the infant in this lawsuit, and has consented to act as Guardian Ad Litem.

2. By reason of the aforesaid, the plaintiff, STEPHANIE NIEVES, Guardian Ad Litem, was obliged and will in the future be obligated to expend large sums of money for the medical and other needed care of the minor plaintiff, ARIANA SMITH's injuries, and further alleges that she has been and will in the future be, deprived of the love, society and companionship of the minor plaintiff, ARIANA SMITH.

WHEREFORE, plaintiffs, STEPHANIE NIEVES, Guardian Ad Litem, for minor plaintiff, ARIANA SMITH, and STEPHANIE NIEVES, individually, demands judgment against the defendants, individually, jointly and/or severally for damages, together with costs of suit.

4811-8345-7750, v. 1

Received: Jan 19 2021 01:28pm
From: Mandelbaum Elizabeth Fax: 19083452516   To: 19085880885@rcfax.com   Fax: (908) 688-0885   Page: 10 of 18   01/19/2021 12:05 PM

JOSEPH J. PETERS, ESQ.
Attorney for Plaintiffs

Date: January 19, 2021

## JURY DEMAND

Please take notice that plaintiff herein demands a trial by jury of six persons on all issues presented herein.

JOSEPH J. PETERS, ESQ.
Attorney for Plaintiffs

Date: January 19, 2021

## DEMAND FOR INSURANCE

Pursuant to Rule 4:10-2, the plaintiff demands information as to any and all insurance agreement entered into by the defendants in effect on date of accident as follows:

A. Personal injury limit;

B. Property damage limit;

C. Medical payment limit; and

D. Name of carrier and policy number.

JOSEPH J. PETERS, ESQ.
Attorney for Plaintiffs

Date: January 19, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to. R. 4:18-1, plaintiff demands the production for purposes of inspection and copying at the offices of Mandelbaum,

4

Received:                                             Jan 19 2021 01:29pm
From: Mandelbaum Elizabeth Fax: 19083452516      To: 19086880885@rcfax.com   Fax: (908) 688-0885         Page: 11 of 18    01/19/2021 12:05 PM

Salsburg, P.C., 510 Thornall Street, Edison, New Jersey 08837, within 50 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint:

1. Any written statements which you, or your counsel, have in your possession, custody, or control in regard to this incident/accident.

2. Copies of any photographs, videotapes, or other reproduction which you have in your profession, custody, or control which relate, in any manner, to the incident, to the injuries which plaintiff(s) claim to have been sustained as a result of this incident/accident, or to property damage caused by this incident/accident.

3. A copy of all medical records regarding any treatment or consultation sought, or received, by plaintiff(s) as a result of this incident/accident.

4. Any documents which you claim (a) supports the separate defenses set forth in your responsive pleading to plaintiff's complaint and your answers to interrogatories or (b) rebuts the allegations set forth in plaintiff(s) complaint or his/her answers to interrogatories.

5. All documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of this accident/incident.

6. A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of defendants that relate to the disputed facts alleged with particularity in the pleadings.

4811-8345-7750, v. 1

Received: Jan 19 2021 01:29pm
From: Mandelbaum Elizabeth Fax: 19083452516    To: 19086880885@rcfax.com    Fax: (908) 688-0885    Page: 12 of 18    01/19/2021 12:05 PM

7. A copy of all written reports prepared and signed by any person who may be used at trial under Evidence Rules 702, 703, or 705.

8. Copies of all notes, records, and reports of all doctors, physiatrists, nurses, psychiatrists, psychologists, neuropsychologist, neurologist, or any other healthcare professional retained by defendants for purposes of performing an examination and evaluation on the plaintiff(s).

9. Any written statement which you or your counsel have in your possession regarding any of the facts that set forth in any party's answer to interrogatories, initial pleading, or responsive pleading, or with respect to any damages.

10. Any and all insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment pursuant to R. 4:10-2(b). Terms of the policy are also requested.

11. Copies of all documents, not otherwise set forth, which were sent to or received from the plaintiff(s).

12. Copies of all statements and other documents obtained by any person or entity which concern or relate to plaintiff(s) complaint or any defendant(s) answers, separate defense(s), or counterclaim.

13. All documents which were filled out by or on behalf of plaintiff at the request of defendant's expert, or his/her agents or employees.

6

4811-8345-7750, v. 1

Received: Jan 19 2021 01:30pm
From: Mandelbaum Elizabeth Fax: 19083452516   To: 19086880885@rcfax.com   Fax: (908) 688-0885   Page: 13 of 18   01/19/2021 12:05 PM

14. All documents considered by defendant's expert in preparing his/her report or conducting an examination or evaluation.

15. All diagrams, charts models, drawings, maps, or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

16. All books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon by any expert witness whom the party responding to this document demand intends to call at trial.

17. All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any opinions, testimony or conclusions asserted by your experts.

18. All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication, and edition.

19. All transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may

4811-8345-7750, v. 1

testify in this matter.

20. All documents concerning all claims for bodily injury to plaintiff that are in the possession, custody, or control of defendant or defendant's attorney.

21. All documents you have concerning any claim for bodily injuries made by plaintiff(s) other than the incident concerning this lawsuit.

22. Copies of all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

23. All surveillance videos, reports, notes, memoranda, or other documents respecting plaintiff.

24. All records, memoranda, forms, documents, and notices relating to claims, notices, or suits that have alleged the same or similar condition(s) as alleged by plaintiff to have caused plaintiff's injury. Your response to this request should include names and addresses of all claimants, their attorneys, insurance companies, claim numbers, defense attorneys, plaintiff and defendant liability expert reports, photographs portraying the site of accident/incident, interrogatories by all parties, demands for admission by all parties, and depositions of all deponents. (If your response to this request would entail voluminous copying, you are requested to contact this office so that reasonable copying and postage expenses may be agreed upon).

25. If plaintiff's incident relates to premises owned, leased or managed by any

Received: Jan 19 2021 01:31pm
From: Mandelbaum Elizabeth Fax: 19083452516   To: 19086880885@rcfax.com   Fax: (908) 688-0885   Page: 15 of 18   01/19/2021 12:05 PM

of the parties to this litigation, then please supply a copy of the deed indicating ownership on the date of the incident and any leases in effect on the date of plaintiff's incident.

26.     If plaintiff has alleged negligent or improper construction or a defective condition, then provide copies of the applicable design plans, blue prints, architectural drawings, construction plans, certificate of occupancy; building permit; contract for the construction or repair encompassing the area where the plaintiff was injured; contract with any architect or designer involved in the design of the premises; and any homeowner bylaws.

27.     If plaintiff's allegations include failure to maintain a premises, then provide a copy of all contracts between defendant and any repair contractor, mainte4nance service or other independent contractor whose negligent performance of his/her duties may have been the cause of plaintiff's incident.

28.     If defendant received any violation notices pertaining to the premises from any governmental entity within a two-year period prior to and six-month period after the subject incident, then kindly provide copies of all such notices.

29.     If the condition of which plaintiff complained was repaired, removed and/or corrected subsequent to plaintiff's incident, then provide copies of all bills, contracts, photographs, diagrams and other writings and things related to such repair, removal or correction.

4811-8345-7750, v. 1

Received: Jan 19 2021 01:31pm
From: Mandelbaum Elizabeth Fax: 19083452516   To: 19086880885@rcfax.com   Fax: (908) 688-0885   Page: 16 of 18   01/19/2021 12:05 PM

A copy of any accident report, incident report or other documentation prepared by any agent, servant or employee of the defendants contemporaneously with the accident which is the subject matter of this complaint.

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to Rule 4:17-1 - Rule 4:17-2, the plaintiff demands answers to Interrogatories, Appendix II, Forms C, and C2 plus the following supplemental Interrogatories from all named defendants.

## SUPPLEMENTAL INTERROGATORIES

S1.   State the date you first owned or occupied the premises.

S2.   Enumerate specifically all of the things you contend the party serving these interrogatories did which should not have been done.

a.   Enumerate specifically all of the things you contend the party serving these interrogatories did not do which should have been done.

S3.   If this defendant contends in any way that the injuries claimed by plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, sate fully and in detail each and every fact upon which defendant will rely in support of said contention. Annex hereto copies of all medical records or other documents upon which defendant will rely in support of said contention.

S4.   If defendant contends that plaintiff sustained physical injuries at any time

10

Received: Jan 19 2021 01:32pm
From: Mandelbaum Elizabeth Fax: 19083452516   To: 19086880885@rcfax.com   Fax: (908) 688-0885   Page: 17 of 18   01/19/2021 12:05 PM

prior or subsequent to the subject accident, please state:

a. the date of all said injuries;

b. the nature of all said injuries.

S5. State whether there were any other complaints about the condition of the area where plaintiff fell since the premises were constructed. Yes ( ) or No ( ). If the answer is "yes", state as to each incident:

a. the full name, present or last known address and telephone number of the person making it;

b. the date made;

c. the location of the condition complained of;

d. the nature of the condition alleged;

e. whether the condition was repaired/rectified;

f. who repaired/rectified the condition;

g. attach copies of all repair estimate, invoices and receipts;

h. whether the condition was investigated;

i. if so, the full name, present and last known address and telephone number of said person(s);

j. whether a report was prepared with regard to said investigation;

k. the purpose of each report, including, but not limited to, investigatory or accident reports;

11

4811-8345-7750, v. 1

Case 2:21-cv-02880-KSH-CLW Document 1 Filed 02/18/21 Page 19 of 19 PageID: 19

Received: Jan 19 2021 01:32pm
From: Mandelbaum Elizabeth Fax: 19083452516    To: 19086880885@rcfax.com   Fax: (908) 688-0885    Page: 18 of 18    01/19/2021 12:05 PM

l.     the field of expertise and relationship to you of the person making it;

m.    whether or not it was made in a regular course of business;

n.    the findings;

o.    whether it was written or oral; and

p.    if written, attach a copy hereto, and if oral, set forth the substance thereof.

Dated: January 19, 2021

JOSEPH J. PETERS, ESQ.
Attorney for Plaintiffs

## CERTIFICATION

I hereby certify that to the best of my information and belief the matter in controversy is not the subject of any other action pending in any Court of a pending Arbitration proceeding and none are contemplated herein.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false that I am subject to punishment.

Dated: January 19, 2021

JOSEPH J. PETERS, ESQ.
Attorney for Plaintiffs

12

4811-8345-7750, v. 1